UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LATRIVIA E. HARRIS,<br><br>                Plaintiff,<br>   v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>                Defendant. | CASE NO. 2:23-CV-01054-LK<br><br>ORDER GRANTING MOTION TO DISMISS |

This matter comes before the Court on the Commissioner's Motion to Dismiss. Dkt. No. 16. The motion is granted; however, Ms. Harris may file an amended complaint.

## I.  BACKGROUND

Plaintiff Latrivia Harris is proceeding pro se and in forma pauperis. Dkt. Nos. 1, 4. She alleges that the Social Security Administration ("SSA") denied her claim for Title II Disability Insurance Benefits and Title XVI Supplemental Security Income. Dkt. No. 5 at 2. More specifically, Ms. Harris claims that the SSA "refused to process [her] request to change [her] social

ORDER GRANTING MOTION TO DISMISS - 1

security benefits from the direct express card to checks[.]" Dkt. No. 5 at 2.[1] She has also filed several handwritten letters seeking miscellaneous relief (e.g., that "court procedures beg[i]n as soon as possible" and requesting a hearing) and claiming that unnamed members of the Seattle community and Social Security Office are assaulting, harassing, abusing, deceiving, retaliating against, and lying to her. Dkt. No. 13 at 1; Dkt. No. 19 at 3–4; Dkt. No. 22 at 1–2; Dkt. No. 25 at 3; Dkt. No. 26 at 1–2; *see also* Dkt. No. 19 at 1 ("The Defendants, Social Security Administration, also continued to lie to me . . . concerning the dispatchment of my SS[I] and SSD[I] checks for the month of June." (underline emphasis omitted)).

The Commissioner moved to dismiss Ms. Harris's complaint. Dkt. No. 16. According to the Commissioner, Ms. Harris "fails to demonstrate that she exhausted her administrative remedies and received a final decision subject to this Court's review." *Id.* at 3–4 ("[A]lthough Harris appears to seek review of SSA's refusal to process her request for payment by paper check, SSA did *not* deny that request, and certainly did not issue a final decision subject to judicial review."). The Commissioner also contends that, in any event, the Court lacks jurisdiction over this action because Ms. Harris's claim is now moot. *Id.* at 4–6. The SSA allegedly processed Ms. Harris's request in June 2023 and has been paying her benefits by paper check or direct deposit since June 2023. *Id.* at 5; *see also* Dkt. No. 16-1 at 1 (supporting declaration of Program Expert at Seattle Regional Office).

---

[1] Ms. Harris asserts that her "two[-]page complaint is now not [a]vailable for viewing on the docket." Dkt. No. 19 at 1. She further notes that, "[e]ven though [she] wrote a two[-]page d[e]scription of the violations [committed] by the Social Security Administration[,] only one part is [a]vailable to view." *Id.* at 4 (underline emphasis omitted). The Clerk of Court has repeatedly advised Ms. Harris that filings are not missing from the docket; rather, the docket is restricted to case participants and public terminals because this is a social security case. The Court checked with the Clerk's Office and discovered that the original hard copy of Ms. Harris's complaint contained a final sentence on the back of one page. The Clerk inadvertently failed to scan and upload the back of that page but has since corrected the complaint on the docket. *See* Oct. 24, 2023 ECF Notice; Dkt. No. 5 at 3 (missing page). In any event, and as discussed below, the Court will permit Ms. Harris leave to file an amended complaint.

ORDER GRANTING MOTION TO DISMISS - 2

## II. DISCUSSION

The Court first discusses the applicable standards for the Commissioner's motion to dismiss. It then addresses the merits of the motion.

**A.    Rule 12(b)(1) and (b)(6)**

The Commissioner's motion primarily argues that Ms. Harris has "failed to state a claim" and urges the Court to dismiss her complaint pursuant to Rule 12(b)(6) because she has not asked the Court to review a "final decision" after a hearing. Dkt. No. 16 at 2–4.

The Commissioner also urges the Court to dismiss Ms. Harris's complaint under Rule 12(b)(1). Dkt. No. 16 at 6. A Rule 12(b)(1) motion challenges the district court's subject matter jurisdiction. That is what the Commissioner does here by arguing that (1) there is no "final decision" subject to judicial review under 42 U.S.C. § 405(g); and (2) Ms. Harris's case is moot, i.e., there is no longer an actual case or controversy because the SSA processed her claim. Dkt. No. 16 at 1–6; *see, e.g.*, *Durbin v. Berryhill*, No. C18-1446-RAJ, 2019 WL 1745082, at *1 (W.D. Wash. Apr. 18, 2019) (noting that a party may move for dismissal under Rule 12(b)(1) when there is no Article III case or controversy, and evaluating the Commissioner's argument that there was no "final decision" for purposes of Section 405(g) in the context of Rule 12(b)(1) motion).

1. Rule 12(b)(1) Standard

There are two types of Rule 12(b)(1) jurisdictional attacks: facial and factual. *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction. By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). The Commissioner advances a facial challenge to Ms. Harris's complaint. The Commissioner contends that, even if true, Ms. Harris's allegations do not establish that she

received a judicially reviewable final decision from the Commissioner after a hearing. Dkt. No. 16 at 3. "The district court resolves a facial attack as it would a motion to dismiss under Rule 12(b)(6): Accepting the plaintiff's allegations as true and drawing all reasonable inferences in the plaintiff's favor, the court determines whether the allegations are sufficient as a legal matter to invoke the court's jurisdiction." *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014); *see McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000) (the court favorably views the facts alleged to support jurisdiction). The Court's inquiry is confined to the allegations in the complaint when resolving a facial challenge. *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003).[2]

Although the Court views the facts in the light most favorable to Ms. Harris, its jurisdiction is nonetheless "limited" and may not be exercised absent authorization by the Constitution or statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). An action is therefore presumed to fall outside the Court's jurisdiction "unless the contrary affirmatively appears." *Stock W., Inc. v. Confederated Tribes of the Coleville Rsrv.*, 873 F.2d 1221, 1225 (9th Cir. 1989). And the burden remains with Ms. Harris to make that showing. *See United States v. Orr Water Ditch Co.*, 600 F.3d 1152, 1157 (9th Cir. 2010).

2. Rule 12(b)(6) Standard

Dismissal under Rule 12(b)(6) may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). As already noted, the Court at this stage accepts as true all factual allegations in the complaint and construes them in the light most

---

[2] Attached to the Commissioner's motion is the Declaration of Selena Voelker-Nichols, a Program Expert in the Seattle Regional Office of the SSA. Dkt. No. 16-1. Ms. Voelker-Nichols avers that the SSA processed Ms. Harris's requests in June and July 2023. *Id.* The Court recognizes that a party may convert a motion into a factual challenge by "presenting affidavits or other evidence" with its motion to dismiss, and that the party opposing the motion must then "furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." *Savage*, 343 F.3d at 1039 n.2. The Court nonetheless declines to consider Ms. Voelker-Nichols' declaration because the Court does not reach the mootness issue.

ORDER GRANTING MOTION TO DISMISS - 4

favorable to the nonmoving party. *Shooter v. Arizona*, 4 F.4th 955, 957 (9th Cir. 2021). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.

**B.    Judicial Review and Administrative Exhaustion**

The Social Security Act limits judicial review to "any final decision of the Commissioner of Social Security made after a hearing[.]" 28 U.S.C. § 405(g); *see also id.* § 405(h) ("No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided."). Section 405(g)'s finality provision contains two separate elements: first, a jurisdictional requirement that claims be presented to the agency, and second, a waivable requirement that the claimant exhaust administrative remedies. *Smith v. Berryhill*, 139 S. Ct. 1765, 1773 (2019); *accord Kildare v. Saenz*, 325 F.3d 1078, 1082 (9th Cir. 2003) ("A final decision has two elements: (1) presentment of the claim to the Commissioner, and (2) complete exhaustion of administrative remedies.").

Even assuming (without deciding) that Ms. Harris has established presentment, she fails to establish exhaustion. Claimants "must generally proceed through a four-step process" to obtain a judicially reviewable final decision. *Smith*, 139 S. Ct. at 1772. Specifically, a claimant must (1) obtain an initial determination[3] on the matter at issue; (2) seek reconsideration of the initial determination; (3) request a hearing before an administrative law judge ("ALJ"); and (4) request that the Appeals Council review the ALJ's decision. 20 C.F.R. § 416.1400(a)(1)–(5); *see also id.*

---

[3] 20 C.F.R. § 416.1402 contains a nonexclusive list of "initial determinations" that are "subject to administrative and judicial review."

ORDER GRANTING MOTION TO DISMISS - 5

§ 416.1481 ("You may file an action in a Federal district court within 60 days after the date you receive notice of the Appeals Council's action."); *Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1162 (9th Cir. 2012) ("[T]he Commissioner's decision is not final until the Appeals Council denies review or, if it accepts a case for review, issues its own findings on the merits.").[4] The Commissioner argues—and the Court agrees—that Ms. Harris's complaint fails to show that she completed these four steps. Dkt. No. 16 at 3–4. Although Ms. Harris counters that she was "well within the 60 days when [she] submitted [her] complaint," Dkt. No. 19 at 2, she misses the distinction between (1) the period for seeking judicial review after a final decision and (2) the predicate steps that a claimant must follow to obtain a final decision.

      Unlike the presentment requirement, however, exhaustion is not a jurisdictional prerequisite and therefore may be waived by the Commissioner or excused by the district court. *Smith*, 139 S. Ct. at 1774, 1779. The Commissioner acknowledges this but argues that Ms. Harris has failed to show that judicial waiver is appropriate. Dkt. No. 16 at 4. The Court again agrees. Judicial waiver of the exhaustion requirement is appropriate only when three elements are met: "[t]he claim must be (1) collateral to a substantive claim of entitlement (collaterality), (2) colorable in its showing that denial of relief will cause irreparable harm (irreparability), and (3) one whose resolution would not serve the purposes of exhaustion (futility)." *Johnson v. Shalala*, 2 F.3d 918, 921 (9th Cir. 1993). Assuming without deciding that Ms. Harris's dispute is collateral, she does not satisfy the irreparability element. This element requires a plaintiff to raise a colorable claim that exhaustion will cause irreparable harm. *Id.* at 922; *see Briggs v. Sullivan*, 886 F.2d 1132, 1140 (9th Cir. 1989) ("[A] colorable showing of irreparable injury for purposes of waiver of the

---

[4] Part 416 governs Title XVI benefits, while Part 404 governs Title II benefits. The relevant regulations are, however, materially identical for purposes of this case. *See Smith*, 139 S. Ct. at 1772 & n.4; *Sims v. Apfel*, 530 U.S. 103, 107 n.2 (2000). The Court therefore refers exclusively to Part 416 when discussing the applicable regulations.

ORDER GRANTING MOTION TO DISMISS - 6

exhaustion requirement is one that is not wholly insubstantial, immaterial, or frivolous." (cleaned up)).

Ms. Harris does not explain how exhaustion of her administrative remedies will cause her harm—let alone irreparable harm. Although Ms. Harris suggests that she temporarily lacked access to benefits when her direct express debit card "came up missing" and her "banking info changed," Dkt. No. 5 at 3, she has since applied for (and presumably received) a new direct express card, Dkt. No. 25 at 2 (Ms. Harris received her June 2023 benefits in July). And Ms. Harris's receipt of benefits in July 2023 corroborates the Commissioner's assertion that the SSA processed Ms. Harris's request in June 2023. Dkt. No. 16 at 5.[5] Ms. Harris has therefore failed to make a colorable showing that she will suffer irreparable harm if forced to exhaust her administrative remedies. The Court need not examine the futility element.

Ms. Harris also does not state a due process claim. *See generally* Dkt. No. 5; *see also Udd v. Massanari*, 245 F.3d 1096, 1099 (9th Cir. 2001). Construing her pleadings liberally, she appears to hint in passing at a constitutional claim in one of her letters to the Court: "I am saying that my civil and [h]uman rights have been terribly violated. I am aware that there can be relief for civil rights[] and human rights violations." Dkt. No. 19 at 2. These allegations do not appear in her complaint, and even if they did, they would not amount to a colorable due process claim. *See Klemm*, 543 F.3d at 1144 (a claim must be supported by facts sufficient to state a violation of substantive or procedural due process); *Hoye v. Sullivan*, 985 F.2d 990, 992 (9th Cir. 1992) (per curiam) ("The mere allegation of a substantive due process violation is not sufficient to raise a 'colorable' constitutional claim to provide subject matter jurisdiction.").

---

[5] The Court reiterates that it does not consider Ms. Voelker-Nichols' declaration. Dkt. No. 16-1.

Because Ms. Harris has not exhausted her administrative remedies and judicial waiver of the exhaustion requirement is inappropriate here, there is no "final decision" subject to judicial review under Section 405(g). The Court therefore grants the Commissioner's motion to dismiss.[6]

## C. Leave to Amend

The Commissioner "defers to the Court to determine whether to grant [Ms.] Harris leave to amend her complaint." Dkt. No. 24 at 3. Federal Rule of Civil Procedure 15(a)(2) directs district courts to "freely give leave" to amend "when justice so requires." As the language of the rule suggests, the standard for leave to amend is "very liberal." *AmerisourceBergen Corp. v. Dialysis W., Inc.*, 465 F.3d 946, 951 (9th Cir. 2006). A district court should therefore grant leave to amend even when, as here, no request to amend the pleading was made, "unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Ebner v. Fresh, Inc.*, 838 F.3d 958, 963 (9th Cir. 2016) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)); *see also Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (per curiam) ("A district court should not dismiss a pro se complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." (cleaned up)). The Court cannot say that Ms. Harris's complaint is beyond repair after just one try. Leave to amend is therefore appropriate.

## D. Ms. Harris's Letters to the Court

Ms. Harris has already been advised "that letters are not the appropriate vehicle for requesting relief from the Court or submitting responsive briefing." Dkt. No. 21. And yet, Ms. Harris has continued to submit documents in letter format that seek affirmative relief (e.g., a hearing) and appear to advance improper surreply argument. *See* Dkt. Nos. 22, 25, 26. She

---

[6] The Court need not and does not reach the Commissioner's mootness argument.

acknowledges the Court's previous admonition but suggests that her indigent status prevents compliance: "Being indigent I have no other way to communicate with the courts. I am unable to [ob]tain any legal help or services as the community of Seattle has constantly said the[y] are in 'cahoots' with my defendants." Dkt. No. 22 at 1. As the Court has explained, however, Ms. Harris's status as a pro se indigent litigant does not exempt her from generally applicable court rules and procedures. *Muñoz v. United States*, 28 F.4th 973, 978 (9th Cir. 2022); *see also Chan v. Ryan*, No. 22-CV-01796-LK, 2023 WL 197429, at *4 (W.D. Wash. Jan. 17, 2023) (pro se litigants must abide by the Local Civil Rules and comply with the Federal Rules of Civil Procedure). The Court will strike future letters or other filings that do not comply with the applicable rules.

E.   **Current Mailing Address**

One final matter remains. Ms. Harris previously indicated that she no longer lives at 118 Bell Street, Seattle WA 98121, Dkt. No. 20 at 1, and the Court instructed her to update her address with the Clerk's Office, Dkt. No. 21. The 118 Bell Street address nonetheless remains on file with the Clerk's Office. One Court order has been returned as undeliverable, Dkt. Nos. 21, 23, and Ms. Harris's recent filings suggest that she "ha[s] no address to get [her] mail" because "[a]ny of the free mailing addresses in the community [are] accessed by the community and [she] constantly receive[s] fake mail or [she] do[es] not get [her] mail at all," Dkt. No. 22 at 2; *see also* Dkt. No. 25 at 3 ("[M]y mail is sometimes deliverable and other times not[.]"). The Court again instructs Ms. Harris to update the Clerk's Office with a serviceable mailing address. Failure to do so may result in dismissal of this suit without prejudice. *See* LCR 41(b)(2).

### III.   CONCLUSION

The Court GRANTS the Commissioner's Motion to Dismiss, Dkt. No. 16, and DISMISSES Ms. Harris's complaint without prejudice. Ms. Harris may file an amended complaint within 30 days of the date of this Order.

An amended complaint operates as a complete substitute for an original pleading. *See Rhodes v. Robinson*, 621 F.3d 1002, 1005 (9th Cir. 2010). Ms. Harris's amended complaint must therefore clearly identify the claim(s) asserted, the specific facts that she believes support each claim, and the specific relief requested. If a proper amended complaint is not filed within 30 days of the date of this Order, the Court will direct the Clerk to close this case.

Dated this 2nd day of November, 2023.

*[signature]*

Lauren King
United States District Judge